## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Commonwealth of Virginia

v.

Jorge Guevara-Reyes

February 28, 2000

Case No. CF000036

BY JUDGE JOHN E. KLOCH

This matter comes on the motion *in limine* filed by defense counsel to bar introduction of "other crimes" evidence contained in statements by the Defendant made to the police. Specifically, in his statement to the police, the Defendant admitted to one sexual encounter with the complaining witness in North Carolina which occurred subsequent to the offense date alleged in the indictment here.

It is well established that "evidence of other offenses is admissible if it shows the conduct and feeling of the accused towards his victim, if it establishes their prior relations, or if it tends to prove any relevant element of the offense charged. Such evidence is permissible in cases where the motive, intent, or knowledge of the accused is involved, or where the evidence is connected with or leads up to the offense for which the accused is on trial." *Foster v. Commonwealth*, 6 Va. App. 313, 323 (1987), citing *inter alia*, *Kirkpatrick v. Commonwealth*, 211 Va. 272 (1970). Further, "Evidence of offenses, *prior or subsequent* to those charged in an indictment, is admissible as an exception to the general exclusionary rule. . . ." *Foster, supra.* (Emphasis added.)

Here, Defense counsel asserts that the Defendant denies any sexual activity with the complaining witness in the City of Alexandria, where the offense allegedly occurred. At the very least, subsequent sexual activity with the same complaining witness would be wholly probative "of the conduct and feeling of the accused towards his victim." *Kelly v. Commonwealth*, 8 Va.

App. 359 (1989). As an example of its probative strength, without such evidence, the defense might well be able to argue to the fact finder that the parties were sexual strangers, if not total strangers.

For the foregoing reasons, I am of the opinion that the statement of the Defendant relating to the North Carolina sexual encounter with the complaining witness is relevant and that the probative value outweighs any prejudicial effect. Accordingly, the motion *in limine* is denied.